UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VALMIKI RAMANI,

              Plaintiff,

    -against-

YOUTUBE LLC,

              Defendant.

17-CV-5746 (CM)

TRANSFER ORDER

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff brings this breach-of-contract claim against YouTube regarding his YouTube channel and YouTube's handling of his videos. In a related matter, Plaintiff filed a lawsuit against YouTube in New York State Supreme Court, New York County (Index No. 5821/18). By order dated July 8, 2019, the Court directed Plaintiff to show cause why this Court should not abstain from exercising jurisdiction over this action. Plaintiff submitted a declaration but did not set forth valid reasons why this Court should not abstain from this action.

    Plaintiff then submitted a letter to the Court, notifying the Court that he had discontinued his state court action. ECF No. 24.

    For the reasons stated below, the Court transfers the action to the United States District Court for the Northern District of California.

**BACKGROUND**

    In 2017, Plaintiff initiated this action against YouTube generally claiming that YouTube breached a contract with him by stealing his videos, taking down his videos, and failing to upload his videos in a fashion desirable to him. He also claims that this "case involves an international media, federal offense which . . . needs to be address[ed] in a Federal Court" and

that YouTube has "two Indians working for them," who "t[ook] over [Plaintiff's] channel and turn[ed] it into an Indian on[e] featuring Indian videos."[1] ECF No. 21.

Familiarity with the procedural history of this case is assumed for the purpose of this order.

## DISCUSSION

A.  **YouTube's forum selection clause**

According to YouTube's service agreement, users, like Plaintiff, must agree to certain terms to upload and otherwise use YouTube. One of those terms states that YouTube's "Service shall be deemed solely based in California; and (ii) the Service shall be deemed a passive website that does not give rise to personal jurisdiction over YouTube, either specific or general, in jurisdictions other than California." *Song fi, Inc. v. Google Inc.*, 72 F. Supp.3d 53, 56 (D. D.C. 2014) (transferring action to the Northern District of California based on YouTube's forum selection clause). That term also requires that "[a]ny claim or dispute shall be decided exclusively by a court of competent jurisdiction located in Santa Clara County, California." *Id.* at 56-57.

B.  **Transfer to the Northern District of California**

Under the general venue provision, a civil action may be brought in:

---

[1] Plaintiff does not invoke the First Amendment, but to the extent he claims that YouTube censored his speech, courts considering this issue have held that YouTube is a private actor not governed by the First Amendment. *See, e.g.*, *Prager Univ. v. Google LLC*, No. 17-CV-06064 (LHK), 2018 WL 1471939, at *8 (N.D. Cal. Mar. 26, 2018) ("The Court likewise declines to find that Defendants in the instant case are state actors that must regulate the content on their privately created website in accordance with the strictures of the First Amendment. As a result, the Court concludes that Plaintiff has failed to state a claim against Defendants under the First Amendment.") (collecting cases)). But because this case is on appeal in the United States Court of Appeals for the Ninth Circuit, *see* No. 18-15712, the Court offers no opinion as to whether Plaintiff may state a federal claim.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[2] Under § 1391(b)(1)), venue may be proper here because YouTube may be subject to personal jurisdiction based on its contacts within this district.

But even where a court determines that venue is proper, the court may transfer the action "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). For example, transfer may be appropriate where the parties previously agreed to a forum selection clause because § 1404(a) is an appropriate mechanism for enforcing such a clause. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013).

When deciding whether to transfer under § 1404(a) based on a forum selection clause, courts do not consider where the plaintiff filed the action because "the plaintiff's choice of forum merits no weight." *Id.* at 63. Moreover, courts do not need to consider any inconvenience to the

---

[2] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

parties in litigating the action in the preselected forum. *Id.* Finally, while courts may consider "public-interest factors," those factor rarely affect the decision to transfer. Generally, "forum-selection clauses should control except in unusual cases." *Id.*

Courts may transfer cases on their own initiative under § 1404(a). *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

The Court concludes that YouTube's forum selection clause controls and transfers the action to the United States District Court for the Northern District of California.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court transfers this case to the United States District Court for the Northern District of California. *See* 28 U.S.C. § 1404(a).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 20, 2019
        New York, New York

                                                COLLEEN McMAHON
                                                Chief United States District Judge