UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALMIKI D. RAMANI,<br><br>        Plaintiffs,<br><br>v.<br><br>YOUTUBE LLC,<br><br>        Defendants. | Case No. 19-cv-06175-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 65<br><br>**RELATED TO**<br><br>Case No. 3:19-cv-07621 EMC<br>Case No. 3:23-cv-00419 EMC (Docket No. 25)<br>Case No. 3:23-cv-03787 EMC (Docket No. 27)<br>Case No. 3:23-cv-03788 EMC (Docket No. 25) |

Valmiki D. Ramani has been or is a plaintiff in multiple lawsuits, including each of the following cases in which YouTube LLC is named as the defendant:

- *Ramani I*, No. C-19-6175 EMC (N.D. Cal.). This action was filed in the Southern District of New York in July 2017. It was transferred to this District in September 2019. This Court dismissed the case with prejudice and entered a final judgment against Mr. Ramani in January 2022.

- *Ramani II*, No. No. C-17-5746 (S.D.N.Y.). This action was filed in New York state court in July 2017. *See* Don Decl. ¶ 3. In August 2019, Mr. Ramani filed a notice discontinuing the suit with prejudice. *See* Don Decl., Ex. E (notice).

- *Ramani III*, No. C-19-7621 EMC (N.D. Cal.). This action was filed in the Southern District of New York in October 2019. It was transferred to this Court in

November of the same year. The Court dismissed the case with prejudice and entered a final judgment against Mr. Ramani at the same that it dismissed *Ramani I*, *i.e.*, in January 2022.

- *Ramani IV*, No. C-23-0419 EMC (N.D. Cal.). This action was filed in the Southern District of New York in December 2022. It was transferred to this District in January 2023. In March 2023, the parties stipulated to a dismissal with prejudice.
- *Ramani V*, No. C-23-3787 EMC (N.D. Cal.). This action was filed in New York state court in March 2023. YouTube removed the case in July 2023, and it was then transferred to this District. This action is still pending.
- *Ramani VI*, No. C-23-3788 EMC (N.D. Cal.). This action was also filed in New York state court in March 2023. YouTube removed *Ramani VI* at the same time that it removed *Ramani V*, and *Ramani VI* was also transferred to this District in July 2023. This action is still pending.

Now pending before the Court is YouTube's motion to dismiss. The motion is directed to *Ramani V* and *Ramani VI* since those are the only two cases that are still "live." *See* Prop. Order. However, the motion was technically filed in *Ramani I*, *IV*, *V*, and *VI*. YouTube moves to dismiss on the basis of (1) res judicata and (2) failure to state a claim for relief. Having considered YouTube's papers and the evidence of record, the Court hereby finds this matter suitable for resolution based on the papers. The hearing on the motion to dismiss is therefore **VACATED**. YouTube's motion is **GRANTED**.

Mr. Ramani has not filed an opposition to YouTube's motion to dismiss in any of the cases in this District identified above. Based on his failure to oppose, the Court could arguably grant YouTube's motion on that basis alone. The Civil Local Rules do not expressly state that a failure to oppose a motion will be construed as consent to a motion, but a party that fails to oppose runs the risk that any opposition will be deemed waived, particularly because the Local Rules give express direction as to how to oppose a motion. *See* Civ. L.R. 7-3(a); *cf. Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (taking note that, under a Nevada local rule, a failure to oppose constitutes consent, and "[f]ailure to follow a district court's local rules is a proper ground for

dismissal"; but adding that, "[b]efore dismissing the action, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions'"). Moreover, although Mr. Ramana is a pro se litigant, he is not lacking in any experience in litigation, having participated in a number of cases.

Out of an abundance of caution, however, the Court addresses the merits of YouTube's motion.

The Court agrees with YouTube that res judicata is a bar to *Ramani V* and *VI*. "Under federal law, res judicata applies when the earlier action '(1) involved the same "claim" or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies.'" *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1306 (9th Cir. 2022). Those elements are met here.

- With respect to (3), the parties in *Ramani V* and in *Ramani VI* are Mr. Ramani and YouTube; those are the same parties in *Ramani I*, *III*, and *IV*.
- Regarding (2), *Ramani I*, *III*, and *IV* each reached a final judgment on the merits. The Court dismissed *Ramani I* and *III* for failure to state a claim for relief. *See Ramani I*, Docket No. 44 (order addressing both *Ramani I* and *III*). As for *Ramani IV*, there was a stipulated dismissal *with* prejudice. *See Leon v. IDX Sys. Corp.*, 464 F.3d 951, 962 (9th Cir. 2006) ("[For the purpose of res judicata,] a dismissal with prejudice is a determination on the merits."); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) ("We have held that a stipulated dismissal of an action with prejudice in a federal district court generally constitutes a final judgment on the merits and precludes a party from reasserting the same claims in a subsequent action in the same court.").
- Finally, for (1), the two "live" cases, *Ramani V* and *VI* (which are essentially duplicative of one another), implicate two categories of conduct by YouTube: (a) YouTube's alleged "take over" of Mr. Ramani's YouTube channel "Valmiki

3

Ramani International Songs of Love" and (b) YouTube's alleged theft of music/videos from Mr. Ramani's new channel on Facebook "VRISOL" (as facilitated by a third party, TuneCore). *See Ramani V* Compl. ¶¶ 4-5; *Ramani VI* Compl. ¶¶ 4-5. The conduct in category (a) was also at issue in at least *Ramani I* and *III*. The conduct in category (b) was also at issue in *Ramani IV*. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855 (9th Cir. 2016) (stating that, to determine whether there is an identity of claims, a court considers various factors, including whether the later suit and earlier suit arise out of the same transactional nucleus of facts; indicating that this factor is often outcome determinative).

Because the Court finds that res judicata is a bar to *Ramani V* and *VI*, the Court need not consider YouTube's additional argument that Mr. Ramani has failed to state a claim for relief. However, the Court notes that it did find a failure to state a claim for relief in *Ramani I* and *III* which covered the conduct in category (a) above. As for the conduct in category (b) above, the allegations in the complaints in *Ramani IV*, *VI*, and *VI* suggest that there may have been wrongdoing by TuneCore, *see, e.g.*, *Ramani V* Compl. ¶ 3 (alleging that "YouTube presently has an EP of my [music/videos] illegally given them by TuneCore" and that he has filed a suit against TuneCore in New York state court); *see also Ramani I* Am. Compl. ¶ 8 (alleging that "my brother paid a distributor $10.00 a song to put my songs . . . on the digital stores[;] this company TuneCore said he would monetize the songs on YouTube and Facebook for $10.00[;] I told them of this legal case and what YouTube did to me, they said they had a special agreement with YouTube and they would manage it"), but fail to clearly explain how YouTube engaged in any wrongdoing.

Based on res judicata, the Court grants YouTube's motion to dismiss. The dismissal is with prejudice because amendment would be futile. *See Aquino v. Cal. Reconveyance Co.*, No. 14-cv-01818-WHO, 2014 U.S. Dist. LEXIS 154757, at *13 (N.D. Cal. Oct. 30, 2014) (finding amendment futile because plaintiff's claims were "barred by res judicata"; plus, plaintiff "three different complaints in her prior action, meaning that the instant complaint represents her fourth attempt to bring claims . . . in connection with the same mortgage loan and foreclosure

proceeding").

The Court notes for Mr. Ramani that, at this time, YouTube is not asking that he be declared a vexatious litigant. Nor is the Court at this time initiating the process of determining whether Mr. Ramani may be a vexatious litigant. *See De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990) (providing that a vexatious litigant order may be entered when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is an adequate record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant order is "narrowly tailored to closely fit the specific vice encountered"). Mr. Ramani is forewarned, however, that, if he continues to file suit based on the same categories of conduct identified above, YouTube may file a motion asking that he be declared a vexatious litigant or the Court may initiate the process *sua sponte*. If Mr. Ramani is not happy with the rulings made by this Court, the remedy is to appeal, not to file a duplicative suit in state or federal court.

The Clerk of the Court is instructed to enter final judgments in accordance with this order and close the files in the open cases.

This order disposes of Docket No. 65 in Case No. C-19-6175 EMC; Docket No. 25 in Case No. C-23-0419 EMC; Docket No. 27 in Case No. C-23-3787 EMC; and Docket No. 25 in C-23-3788 EMC.

**IT IS SO ORDERED**.

Dated: January 23, 2024

EDWARD M. CHEN
United States District Judge